## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT PADUCAH

**MICHAEL CAULEY**                                                                     **PLAINTIFF**

**v.**                                             **CIVIL ACTION NO. 5:08-CV-92-R**

**ED HALL et al.**                                                      **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff, Michael Cauley, filed a *pro se*, *in forma pauperis* complaint under 42 U.S.C. § 1983 (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

### I. SUMMARY OF CLAIMS

Plaintiff complains that while incarcerated at the Keeton Correctional Institute he was punished by being required to do 15 extra hours of work for a disciplinary infraction (refusing to eat breakfast) that had previously been dismissed by the director. He alleges that the punishment was activated without any hearing or due process of law, thereby triggering cruel and unusual punishment. In particular, he states Defendant Hall ordered him to be punished even though the disciplinary infraction had been dismissed by the director and that Defendant Spence ordered Defendant Hall to apply extra hours of work on Plaintiff even though she was aware that the disciplinary report had been dismissed. He alleges violations of his Fourteenth Amendment due process right, the Eighth Amendment's prohibition against cruel and unusual punishment, and state constitutional violations. Plaintiff asks for monetary and punitive damages in the amount of $1,000,000 each from each Defendant and declaratory relief.

## II. ANALYSIS

This Court must review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 604-05. Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, ___, 127 S. Ct. 1955, 1974 (2007).

*Fourteenth Amendment claim*

The Fourteenth Amendment's Due Process Clause protects against deprivations of life, liberty, or property without due process of law. U.S. Const. Amend. XIV; *Wolff v. McDonnell*,

418 U.S. 539, 556 (1974). "A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty,' or it may arise from an expectation or interest created by state laws or policies." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) (internal citations omitted). "But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (internal citations omitted).

Because the imposition of fifteen hours of additional duty is not an "atypical and significant hardship," Plaintiff had no due process right mandating that prison officials interview witnesses or conduct a hearing before that punishment was imposed. *See id.*; *see also Smith v. DeBryun*, Nos. 94-3286, 95-2090 and 95-259191, 1996 WL 407258, at *4 (7th Cir. Jul. 18, 1996) (sanction of extra duty less significant than a disciplinary sanction and does not infringe a liberty interest); *Pigott v. Corr. Corp. of Am.*, No. 07-2003, 2008 WL 3244001, at *3 (D. Minn. Aug. 06, 2008) ("extra work duty did not impose the requisite 'atypical and significant hardship'"); *Mayes v. Hickson*, No. H-03-4964, 2006 WL 3030671, at *2 (S.D. Tex. Oct. 23, 2006) ("[E]xtra work assignments . . . are the type of sanctions that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life."). Therefore, the process Plaintiff claims he was unconstitutionally denied, was not required as a matter of law. Plaintiff fails to state a claim under the Fourteenth Amendment.

*Eighth Amendment claim*

Plaintiff also claims that his Eighth Amendment right against cruel and unusual

3

punishment was violated. "[T]he Eighth Amendment does not apply unless prisoners are compelled to perform physical labor which is beyond their strength, endangers their lives or health, or causes undue pain." *Berry v. Bunnell*, 39 F.3d 1056, 1057 (9th Cir. 1994) (per curiam); *see also Woodall v. Partilla*, 581 F. Supp. 1066, 1077 (N.D. Ill. 1984) (merely forcing prisoner to work 16 to 18 hours per day did not violate his Eighth Amendment rights). Nothing in Plaintiff's complaint or attachments thereto suggests that the extra work duty was beyond his strength, endangered his life or health, or caused undue pain. Consequently, Plaintiff fails to state a claim under the Eighth Amendment.

*State-law claims*

Plaintiff also claims violations of his rights under Kentucky Constitution Sections 11 and 17. Because Plaintiff's federal law claims will be dismissed, the Court declines to exercise its supplemental jurisdiction over Plaintiff's state-law claims. *See* 28 U.S.C. § 1367(c)(3). Those claims will be dismissed without prejudice.

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate order, dismiss this action.

Date:

cc:   Plaintiff, *pro se*
      Defendants
4413.009